IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J & J MOBILE HOME PARK, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES SONNY BELL, )<br>)<br>Defendant. ) | Civ. No. 06-575-SLR |

**MEMORANDUM ORDER**

At Wilmington this 25th day of September, 2006, having reviewed the case removed from the Justice of the Peace Court of the State of Delaware in and for Kent County;

IT IS ORDERED that defendant is given additional time to comply with the statutory requisites for removal to this court or face summary remand, for the reasons that follow:

1. **Background.** Defendant James Sonny Bell appears pro se and on March 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) His filing is entitled "Notice of Removal." (D.I. 2) The document states he is removing a case due to race discrimination and because he does not foresee receiving a fair and impartial trial in state court. He also states there is no guarantee that his landlord did not attempt to "buy off" the state court staff. It also appears that defendant seeks a federal investigation of his former attorney, Eileen M. Ford. The civil cover sheet lists the basis of jurisdiction as a federal question and the nature suit as "other

civil rights." The only state court document provided by defendant is the first page of a "motion to withdraw as counsel for defendant, James Sonny Bell," filed in J & J Mobile Home Park, Inc., v. Bell, CA # J0607047816 (Del. J.P. Ct. Kent County).

2. **Standard of Review.** In order for a case to be removable to the district court, it must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. Id. (citations omitted).

3. **Discussion.** Defendant failed to comply with the requisites for removal. He did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding. See 28 U.S.C. § 1446(a). Nor does it appear that he gave plaintiff, J & J Mobile Home Park, Inc. notice of the removal.

4. **Conclusion.** Based upon the foregoing, the court is unable to discern whether this court is vested with jurisdiction.

Therefore, Defendant shall, within **30 days** from the date of this memorandum order, comply with the requisites for removal to this court. **DEFENDANT IS PLACED ON NOTICE THAT FAILURE TO TIMELY COMPLY WITH THIS MEMORANDUM ORDER WITHIN SAID TIME FRAME SHALL RESULT IN A SUMMARY REMAND TO THE JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE IN AND FOR KENT COUNTY.**

                                                                              _____
                                                                              UNITED STATES DISTRICT JUDGE