IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
J & J MOBILE HOME PARK, INC.,  )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civ. No. 06-575-SLR
                               )
JAMES SONNY BELL,              )
                               )
          Defendant.           )
```

**MEMORANDUM ORDER**

At Wilmington this 12th day of December, 2006, having reviewed the case removed from the Justice of the Peace Court of the State of Delaware in and for Kent County;

IT IS ORDERED that the case is summarily remanded, for the reasons that follow:

1. **Background.** Defendant James Sonny Bell appears pro se and on March 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) His original filing is entitled "Notice of Removal." (D.I. 2) The court discerned from the pleadings in the original filing that defendant sought to remove to this court the case J & J Mobile Home Park, Inc., v. Bell, CA # J0607047816 (Del. J.P. Ct. Kent County). Because the original filing did not meet the requisites for removal, on September 25, 2006, the court ordered defendant to comply with the statutory requisites for removal or face summary remand. (D.I. 5)

2. Defendant filed an amended notice of removal on

September 27, 2006, identical to the original filing with the exception of page three.  (D.I. 6)  On page three defendant states that he cannot get a fair trial "due to the color of [his] skin."  He also states that, "in the [l]ast 7 - 10 day(s),. State of DELAWARE, viable - 'Complaint(s), against, Ms. Judy Skinner,. Have; suspiciously - "BEEN - "DISMISSED,??"  Attached to the amended notice is a letter from the Delaware Division of Human Relations dated September 7, 2006, regarding defendant's allegation of discriminatory housing practices.

    3.   On October 23, 2006, defendant filed additional exhibits, apparently in support of removal.  (D.I. 7)  A few exhibits refer to a housing discrimination complaint made by defendant to the U.S. Department of Housing and Urban Development, and other exhibits refer to a housing discrimination claim made to the Delaware Division of Human Relations and documents from the Delaware Human Relations Commission.  The exhibits also include attorney correspondence as well as letters to defendant from plaintiff J and J Mobile Home Park and a rental application.  The only document that references <u>J & J Mobile Home Park, Inc., v. Bell</u>, CA # J0607047816, is a "Notice of Court Action" scheduling a hearing on September 28, 2006, of defendant's housing complaint, and noting that it would be heard prior to the trial of the captioned case.  The remaining exhibits provide a written account of defendant's claim.  Defendant filed

additional documents on October 24, 2006, including handwritten notes, a police report and car estimate. (D.I. 8)

4. **Standard of Review**. In order for a case to be removable to the district court, it must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. Id. (citations omitted).

5. **Discussion**. Defendant was given additional time to perfect removal, but once again he has failed to comply with the requisites for same. He did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding. See 28 U.S.C. § 1446(a). Nor does it appear that he gave plaintiff, J & J Mobile Home Park, Inc. notice of the removal. At one point he indicates that "a case" has been dismissed but the court is unable to identify the case of which he speaks.

6. **Conclusion**. Based upon the foregoing, and in reviewing the face of the notice of removal, the amended notice, and the

exhibits provided by defendant, removal cannot be permitted. Therefore, the case is summarily remanded to the Justice of the Peace Court of the State of Delaware in and for Kent County.

	_____
	UNITED STATES DISTRICT JUDGE